IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE McINNES, DIRECTOR, ALABAMA, | ) | |
| DEPARTMENT OF TRANSPORTATION | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-01034-MEF |
| | ) | |
| REESE AND HOWELL, INC., et al. | ) | |
| | ) | |
|       Defendants, | ) | |

**J. DOYLE FULLER, PC RESPONSE TO UNITED STATES FIDELITY AND
GUARANTY COMPANY'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, J. DOYLE FULLER, P.C., adopting all previous pleadings submitted on its behalf, and responds to the United States Fidelity and Guaranty Company's Motion for Summary Judgment as follows:

I.      **USF&G'S CLAIM OF EQUITABLE SUBROGATION TO THE CONTRACT PROCEEDS IS NOT SUPERIOR TO DOYLE FULLER'S ATTORNEY'S LIEN**

§ 34-3-61(b), Ala. Code 1975, specifically grants Doyle Fuller "a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said action or judgment, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them."

While USF&G cites several cases which held that a performing surety has a right to contract proceeds through equitable subrogation, none of the cases involve priority over an

attorney's lien. That is because, as shown above in §34-3-61, attorneys' liens have priority and the funds cannot be disbursed until our lien is "fully satisfied."  Courts in this State "have given full effect to the statute" and, likewise, Fuller believes the statute should be construed exactly as written, which clearly gives him priority over USF&G.  Western Ry. of Alabama v. Foshee, 183 Ala.182, 62 So. 500 (1913). Fuller strongly contends that §34-3-61 gives him priority over all the Defendants.

In its summary judgment memorandum, USF&G cites the *Amwest* case as follows: "when a surety performs its obligations under a. . . bond, it stands in the shoes of the contractor. Thus if the contractor has the right to the retained funds, the surety accedes to those rights when it meets its obligations under the bonds." Amwest Surety Ins. Co. v. U.S., 870 F. Supp. 432, 433. Fuller couldn't agree more. The only problem with that stance is that Fuller is not Reese and Howell, and Fuller's attorney's lien priority is above that of Reese and Howell anyways. Therefore, if USF&G "stands in the shoes" of Reese and Howell, they still fall in line behind Fuller.

 An interpleader action is one in equity.  Thus, the equitable maxim that one whose effort creates a fund which benefits others is entitled to compensation from that fund is applicable here. This maxim is embodied in the "common fund" doctrine of fee awards.  Camden I Condominum Ass'n  Inc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991).  This common fund principle is also the law of Alabama.  Lyons v . Geico Ins. Co., 689 So.2d 182 (Ala. 1997). While not binding, Fuller believes the Court of Appeals in Michigan nailed this issue on its head. Warner v. Tarver, 158 Mich.App 593 (1986) held that equity requires attorneys to "be awarded a reasonable attorney fee from…proceeds that resulted from services he rendered." *Warner*, 158 Mich.App at 599. As is the case in our situation, lienholders in Warner knew the attorney was attempting to collect

proceeds from which they would benefit, yet they say back and offered no assistance. And when the attorney obtained a judgment, they tried to collect all of the funds via their security interests. The Court, for good reason, held that this practice violated the standards of fundamental fairness and equity, *even though the lienholders had priority*, and granted attorneys fees. In this case, USF&G has admitted that "Fuller communicated by phone and otherwise with counsel for USF&G as to the progress of the underlying claim" and that "administrative claims were filed and prosecuted through at least two hearings by Fuller. As a result of the final administrative proceeding, Reese and Howell was awarded the sum of $457,183.51. The award also had the effect of freeing $243,207.50 in retainage being held under the contract." *See* Joint Stipulation of Facts,   18 & 19.

The Court should be mindful of just what it is that an attorney's lien attaches. It does not attach to the client. USF&G admittedly has a claim, and indeed it has a judgment, against Reese and Howell. By Alabama law however, our lien is against the <u>money</u> produced by our efforts. Our claim is not, per se, against Reese and Howell. See Ala Code §34-3-61(b). It is against the fund produced by our actions.

USF&G claims an equitable subrogation or assignment of this claim but their argument overlooks the simple fact that without the efforts of this law firm there would be nothing to subrogate against. The stated purpose of the attorney's lien statute is to protect the lawyer in the expenditure of time, effort and money in pursuit of the client's care. <u>Triplett v. Elliot</u>, 590 So.2d 908 (Ala 1991). It attaches to the funds recovered and follows those funds wherever they may go. <u>Ex Parte McClendon</u>, 212 Ala 403, 102 So.2d 696 (1924).

WHEREFORE, to the extent that USF&G claims priority over Fuller as to these funds its Motion for Summary Judgment should be denied.

Respectfully submitted this the 29th day of July 2010.

/s/  Jacob Fuller
JACOB FULLER


/s/ J. Doyle Fuller
J. DOYLE FULLER

Of Counsel:
J. Doyle Fuller, Esq.
jdf@jdoylefuller.com
Jacob A. Fuller, Esq.
Jacob@jdoylefuller.com
Fuller and Copeland, PC
2851 Zelda Road
Montgomery, AL 36106
(334) 270-0020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this the 29th day of July 2010, electronically filed at which time a filed copy of same will be forwarded to the counsel of record as follows:

Jim R.  Ippolito, Jr., Esq.
Robert Prescott, Esq.
Assistant Counsel
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, AL 36110

Margaret J. McNeil
Alabama Department of Revenue
50 North Ripley Street
Montgomery, AL 36132

Thomas L. Selden, Esq.
Lucile A. Ray, Esq.
Starnes & Atchison, LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512

David J. Metcalf, Esq.
Christopher T. McRae, Esq.
McRae & Metcalf, P.A.
2612 Centennial Place
Tallahassee, Florida 32308

William E. Farrior
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, DC 20044-4198

/s/ J. Doyle Fuller
Of Counsel