UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE McINNES, DIRECTOR, ALABAMA DEPARTMENT OF TRANSPORTATION,<br><br>    Plaintiff,<br><br>vs.<br><br>REESE AND HOWELL, LLC, et al.,<br><br>    Defendants. | Case No: 2:09-cv-1034-MEF |

**UNITED STATES FIDELITY AND GUARANTY COMPANY'S REPLY TO FULLER'S RESPONSE TO USF&G'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G"), one of the defendants herein, and hereby submits this Reply to Fuller's Response to USF&G's Motion for Summary Judgment. In support of its Motion, USF&G states as follows:

1. In his Motion, Fuller does not cite any cases holding an attorney's lien has priority over the secured interests of a surety. Instead, the cases Fuller cites deal with the priority of an attorney's lien over the interests of an automobile and property insurer, not a surety.[1] Significant differences between insurers and sureties preclude the application of these cases to the case at hand. *See, e.g., Cates Constr., Inc. v. Talbot Partners*, 980 P.2d 407, 416-26 (Cal. 1999) (refusing to apply law relating to insurers to sureties,

---

[1] Fuller cites only one case applying Alabama law regarding application of the "common fund" doctrine, but it deals with an attorney's lien vis-à-vis an automobile insurer, not a surety. *See Lyons v. Geico Ins. Co.*, 689 So. 2d 182 (Ala. 1997). Other cases Fuller cites are equally not applicable here: *Warner v. Tarver*, 158 Mich. App. 593 (1986) applies Michigan law and involves a property insurer, not a surety; and, *Camden I Condominium Ass'n Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) refers only to common funds in class action suits, which is not at issue here.

because "surety bonds have been distinguished from insurance policies in statutory, regulatory and decisional law," and "it has long been settled that the parties in surety arrangements have certain rights and defenses that do not attend the typical insurance relationship"); *Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415 (Tex. 1995) (discussing significant differences between insurance and surety relationships that preclude the application of law decided in the context of insurer to cases involving a surety); Marilyn Klinger, Gary Judd & George J. Bachrach, *The Surety's Indemnity Agreement Law & Practice* 243 (2002) ("The surety does not undertake an insurance obligation to the principal and the indemnitors.  To the contrary, the principal is primarily liable and the surety is entitled to indemnity from the principal and indemnitor for any loss, liability, cost, damages, or expense incurred by reason of the execution of the concerned bonds.").  Given the foregoing, the cases cited by Fuller that involve insurers, which have no rights of indemnity and reimbursement from their insureds, are inapposite and have no bearing upon the surety/principal relationship that exists herein.

    2.    Furthermore, unlike any of the cases cited by Fuller, an express assignment of Reese & Howell's claim to any of the funds at issue was executed in USF&G's favor, both under the provisions of the Master Surety Agreement ("MSA") and under a separate Assignment of Claim Agreement executed in 2003.  (*See* MSA and Assignment of Claim attached hereto, respectively, as Exhibit "1" and Exhibit "2.")  In fact, under the 2003 Assignment, Reese & Howell agreed to prosecute its claims in this suit *at its sole cost*

*and expense*, which Reese & Howell reaffirmed, along with the Assignment, in January of 2007.  (Assignment of Claim, ¶ 2; January 15, 2007 Agreement attached hereto as Exhibit "3.")  Assignments of this nature were not present in the cases cited by Fuller, which, therefore, have no application.

3. The contractual agreements herein preclude Fuller from now claiming that USF&G is liable for *any* attorney's fees in this suit.  First, as a result of Reese & Howell's Assignment to USF&G of any claim to the funds at issue, Reese & Howell effectively has no interest in *any* of the contract funds.  Since Reese & Howell has no interest in any of the funds at issue, Fuller cannot assert any interest over the funds.  *See* Ala. Code § 34-3-61(b) ("[A]ttorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon.").  Second, Fuller cannot circumvent his client's contract with USF&G to prosecute the suit at its *sole* cost and expense, by insisting USF&G contribute to such cost in the form of attorney's fees.

4. Alternatively, to the extent Fuller has any claim to attorney's fees, he cannot assert an attorney's lien over the entire $700,391.06 at issue when Fuller's efforts, at best, only generated the $457,183.51 that was awarded by the Claims Appeal Board in 2004.  (Complaint in Interpleader, ¶ 3.)  As Fuller pointed out in his own Motion, the "common fund" doctrine allows recovery of a reasonable attorney fee *only* from those funds that resulted from the services of such attorney.  *Lyons v. Geico Ins. Co.*, 689 So. 2d 182 (Ala. 1997); *Warner v. Tarver*, 158 Mich. App. 593 (1986).  Again, however,

because of the assignment provisions of the MSA and the separate Assignment executed by Reese & Howell in USF&G's favor, USF&G submits that Fuller has no claim to the interpleaded funds.

WHEREFORE, PREMISES CONSIDERED, USF&G respectfully requests that USF&G's Motion for Summary Judgment be granted herein.

Respectfully Submitted,

s/Thomas L. Selden
Thomas L. Selden
ASB-5928-E64T
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: tls@starneslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Robert Prescott, Jr., Esq.
Jimmie Robert Ippolito, Jr., Esq.
Alabama Department of Transportation – Legal Bureau
1409 Coliseum Boulevard, Room K101
Montgomery, AL 36110

Jacob A. Fuller, Esq.
James Doyle Fuller, Esq.
J. Doyle Fuller, P.C.
2851 Zelda Road
Montgomery, AL  36106

4

{B1190452}

Margaret Johnson McNeill, Esq.
P.O. Box 32001
Montgomery, AL 36132

William E. Farrior, Esq.
U.S. Department of Justice
Tax Division
P.O. Box 14198
Ben Franklin Station
Washington, DC 20044

Chris McRae, Esq.
David J. Metcalf, Esq.
McRae & Metcalf, P.A.
2612 Centennial Place
Tallahassee, Florida 32308

                                        s/Thomas L. Selden
                                        OF COUNSEL