UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE McINNES, DIRECTOR, ALABAMA DEPARTMENT OF TRANSPORTATION,<br><br>　　　Plaintiff,<br><br>vs.<br><br>REESE AND HOWELL, LLC, et al.,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No:  2:09-cv-1034-MEF<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES FIDELITY AND GUARANTY COMPANY'S REPLY TO ALABAMA DEPARTMENT OF REVENUE'S RESPONSE TO USF&G'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G"), one of the defendants herein, and hereby submits this Reply to the Alabama Department of Revenue's Response to USF&G's Motion for Summary Judgment.  In support of its Motion, USF&G states as follows:

1.　　The Alabama Department of Revenue ("ADR") recorded sixteen tax liens against Reese & Howell Inc. ("Reese & Howell"), dating from January 25, 2005 to August 28, 2009.  (*See Joint Stipulation of Facts*, No. 24; State of Alabama Department of Revenue's Response to Motions for Summary Judgment Filed by USF&G and Anderson Columbia, ¶¶ 1,3 & Exhibit "B," Doc. 63.)

2. USF&G has priority over any of ADR's tax liens that were recorded after USF&G's security interest in the contract funds "came into existence." Ala. Code § 40-29-22(c)(1), -22(c)(4)(c) & -22(g)(1).

3. ADR's Motion assumes, with no explanation, that USF&G's security interest "came into existence" when USF&G filed its financing statement on July 13, 2006. However, both statutory law and principles of equitable subrogation show that USF&G's security interest came into existence *prior* to July 13, 2006, when USF&G discharged its duties under the bonds, i.e., completed performance of the contract and paid the claims of Reese & Howell's subcontractors, laborers, and materialmen on the Project. *See* Ala. Code § 40-29-22(g)(1) (stating that "[a] security interest exists at any time" when both (1) the property is in existence and the interest has become protected against a subsequent judgment lien arising out of an unsecured obligation, and (2) to the extent that the holder has parted with money or money's worth."). *See, e.g.*, *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 136 (1962); *Fid. & Cas. Co. of New York v. Cent. Bank of Birmingham*, 409 So. 2d 788 (Ala. 1982); *First Alabama Bank of Birmingham v. Hartford Accident & Indem. Co.*, 430 F. Supp. 907 (N.D. Ala. 1977); *Alabama ex. rel. Gallion v. Bessemer Materials, Inc.*, 224 F. Supp. 182 (N.D. Ala. 1963). *See also Int'l Fid. Ins. Co. v. United States*, 949 F.2d 1042 (8th Cir. 1991); *Amwest Sur. Ins. Co. v. United States*, 870 F. Supp. 432, 433-34 (D. Conn. 1994).

4. Because USF&G discharged its duties under the bonds, i.e., completed performance of the contract and paid the claims of Reese & Howell's subcontractors,

{B1190322}

laborers, and materialmen on the Project, well before January 25, 2010, USF&G's security interest in the contract funds "came into existence" prior to ADR's first recorded tax lien.  *See* Ala. Code § 40-29-22(c)(1), -22(c)(4)(c) & -22(g)(1).  Therefore, since *all* of ADR's liens were recorded after USF&G's security interest "came into existence," USF&G's interest in the contract funds has priority over *all* of ADR's tax liens against Reese & Howell.  *See* Ala. Code § 40-29-22(c)(1), -22(c)(4)(c) & -22(g)(1).

WHEREFORE, PREMISES CONSIDERED, USF&G respectfully requests that USF&G's Motion for Summary Judgment be granted herein.

Respectfully Submitted,

s/Thomas L. Selden
Thomas L. Selden
ASB-5928-E64T
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: tls@starneslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Robert Prescott, Jr., Esq.
Jimmie Robert Ippolito, Jr., Esq.
Alabama Department of Transportation – Legal Bureau
1409 Coliseum Boulevard, Room K101
Montgomery, AL 36110

3

{B1190322}

Jacob A. Fuller, Esq.
James Doyle Fuller, Esq.
J. Doyle Fuller, P.C.
2851 Zelda Road
Montgomery, AL  36106

Margaret Johnson McNeill, Esq.
P.O. Box 32001
Montgomery, AL 36132

William E. Farrior, Esq.
U.S. Department of Justice
Tax Division
P.O. Box 14198
Ben Franklin Station
Washington, DC 20044

Chris McRae, Esq.
David J. Metcalf, Esq.
McRae & Metcalf, P.A.
2612 Centennial Place
Tallahassee, Florida 32308

                                                 s/Thomas L. Selden
                                                 OF COUNSEL

{B1190322}